*Coto/ *

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,          :
                                             :
                    Plaintiff,               :
                                             :
        -against-                            :
                                             :        09 Civ.  9340 (DLC)
EZRA C. LEVY,                                :
                                             :        ECF Case
                    Defendant.               :
-------------------------------------------------------------------x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  12/8/09
```

### ORDER IMPOSING
### LIMITED ASSET FREEZE PENDING
### FINAL DISPOSITION OF THE ACTION

By application dated November 10, 2009, Plaintiff Securities and Exchange Commission ("Commission") sought an Order of the Court freezing the assets of Defendant Levy pending final disposition of this action and other equitable relief.  On that date, the Court issued an Order to Show Cause that, among other things, granted the Commission's request for an asset freeze against Defendant Levy pending the hearing and determination of the Commission's application and set a hearing date on the Order to Show Cause for November 19, 2009.

On November 18, 2009, on stipulation of the parties, the Court issued an Order on Consent that adjourned the hearing date on the Order to Show cause to November 30, 2009, modified the asset freeze to exclude from the restrained assets the remaining balance of $17,500.41 held in Defendant Levy's checking account at JP Morgan Chase Bank N.A., and directed Defendant Levy to deliver to the Commission certain records concerning his interests in real property.  On November 24, 2009, on stipulation of the parties, the Court issued an Order on Consent directing liquidation of non-cash positions in Defendant Levy's account at Albert Fried & Company, LLC, account number 020-16046 (the "AF Account"), but continuing the asset

freeze in the AF Account, as modified, and in all other respects, pending a hearing and determination on the Order to Show Cause.

On November 30, 2009, on stipulation of the parties, the Court issued an Order adjourning the hearing date on the Order to show Cause to December 4, 2009, and continuing the asset freeze, as modified by the Court's prior Orders, pending the hearing and determination on the Order to Show Cause.

The Court having considered the Commission's November 10, 2009 application, together with the memorandum of law and declarations and exhibits submitted therewith; the December 1, 2009 letter from Katya Jestin, counsel for Defendant Levy; and the Commission's December 3, 2009 reply memorandum of law and the declaration and exhibits submitted therewith; and upon the record in this matter at the hearing held before the Court on December 4, 2009, and all the prior proceedings and Orders herein; *and the defendant having approved the form of this Order,* NOW THEREFORE:

I.

IT IS HEREBY ORDERED that, pending a final disposition of this action, Defendant Levy, and any of his officers, agents, servants, employees, attorneys, any and all business entities in which Defendant Levy has an interest or with which he is affiliated, any and all business entities in which Defendant Levy has an interest or with which he is affiliated, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service, or otherwise, and each of them, hold and retain within their control, and otherwise prevent, any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment or other disposal of any assets, funds, or other property (including money, real or personal property, securities, commodities, choses in action or other property of any kind

- 2 -

whatsoever) held by them, under their direct or indirect control, in the AF Account. Albert Fried & Company, LLC shall hold or retain within its control and prohibit the withdrawal, removal, transfer, or other disposal of any such assets, funds or other properties, from the AF Account.

**II.**

**IT IS HEREBY ORDERED** that, pending a final disposition of this action, Defendant Levy, Dyan Levy, and any of their officers, agents, servants, employees, attorneys, any and all business entities in which Defendant Levy has an interest or with which he is affiliated, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service, or otherwise, and each of them, hold and retain within their control, and otherwise prevent, any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment or other disposal of Defendant Levy's or Dyan Levy's interests in and to the premises known as 401 East 84th Street, Apartment 11AB, New York, New York 10028 ("Apartment"), except as modified herein below:

(A)     Defendant Levy and Dyan Levy shall execute and deliver to the Commission a mortgage placing a lien in favor of the Commission on their interests in the Apartment in the amount of $400,803.24, the purpose of which is to protect that portion of the Commission's claims for disgorgement, prejudgment interest and/or civil penalties in this action up to and including the amount of $400,803.24 ("Mortgage"). The Mortgage shall become due and payable 14 days after the entry of any order or judgment in this action directing Defendant Levy to pay disgorgement, prejudgment interest, or civil penalty, unless otherwise ordered by the Court in such order or judgment.

- 3 -

(B)     Upon confirmation by the Commission to Defendant Levy that the Mortgage in

satisfactory form as described above in Paragraph II(A) has been delivered, Defendant

Levy and Dyan Levy are authorized to ~~market and~~ *the* sell the Apartment, as set forth herein:

    (1) Any sale of the Apartment must be undertaken in an arms-length transaction for

        fair value, and best efforts must be used to obtain a maximum fair market price

        within a reasonable time;

    (2) The Commission may seek relief from this Order to reinstate the freeze on or to

        obtain other relief with respect to Defendant Levy's interest in and to the

        Apartment if the Commission reasonably believes that the provisions of sub-

        paragraph (1) have not been complied with;

    (3) The Commission shall be provided with an executed copy of the purchase and

        sale agreement governing the transaction via facsimile or electronic mail, and the

        Commission shall have 14 days in which to exercise its rights as provided for in

        subparagraphs (1) and (2) *and* in which to file its motion for an order reinstating a

        freeze on Defendant Levy's interest in and to the Apartment or for other relief;

    (4) Should the Commission fail to file such motion within the period set forth in

        subparagraph (3), the rights granted in subparagraphs (1) and (2) shall expire and

        be of no further force or effect;

    (5) Defendant Levy shall provide the Commission at least three business days prior to

        the closing of the sale of the Apartment the following documents:

        a.  The proposed HUD-1 closing statement;

        b.  All payoff letters or other documents evidencing the amounts to be paid on

           any mortgage or lien prior in right to the Mortgage; and

c. The proposed deed;

(6) At the closing of the sale of the Apartment, the proceeds secured by the Mortgage shall be paid to the Clerk of this Court, together with a cover letter identifying Ezra C. Levy as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Order. Defendant Levy shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action. The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS") or any other type of interest bearing account that is utilized by the Court. These funds, together with any interest and income earned thereon, shall be held in the interest bearing account until further order of the Court. The Commission shall provide Defendant Levy and Dyan Levy with a release of the Mortgage upon the receipt of such funds by the Clerk.

### III.

IT IS FURTHER ORDERED that, except as provided in Paragraphs I and II above with respect to the AF Account and the Apartment, all restraints imposed on Defendant Levy's assets by the Court's Orders of November 10, 18, 24, and 30, 2009, are hereby removed.

### IV.

IT IS FURTHER ORDERED Dyan Levy shall have no personal liability by reason of this Order or by reason of the Mortgage, except to the extent of her interest in and to the Apartment.

## V.

**IT IS FURTHER ORDERED** that this Order shall be, and is, binding upon Defendant

Levy and Dyan Levy and any of their agents, servants, employees, and attorneys, and those

persons in active concert or participation with them who receive actual notice of this Order by

personal service or otherwise.

SO ORDERED:    New York, New York
                December____9____, 2009

_____
UNITED STATES DISTRICT JUDGE